IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV390-MU-1

| | |
|---|---|
| WILLIAM DUNCAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| PENNY ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court upon Plaintiff's Motion to Reconsider (Doc. No. 5), filed October 1, 2007.

In his Complaint pursuant to 42 U.S.C. § 1983, Plaintiff alleged that in violation of North Carolina Department of Correction (DOC) policy, Defendants, on two occasions, charged him four dollars to cover the cost of money orders that were used to pay court filing fees. Plaintiff asserted that these charges denied him access to the courts and violated his Equal Protection rights. After conducting an initial review, this Court dismissed Plaintiff's Complaint for failure to state a claim.

Plaintiff has now filed a Motion to Reconsider[1] asking the Court to vacate its earlier Order and to reinstate his Complaint. Petitioner asserts that this Court should have found that the Defendants alleged violation of Department of Correction policy and the fact that he was erroneously

---

[1] Judgment was entered against Petitioner by Order (Doc. No. 2) dated September 18, 2007. A motion to alter or amend judgment filed within ten days of entry of judgment is properly considered a Rule 59(e) motion regardless of how it is styled; a motion filed later than ten days after entry of judgment is considered a Rule 60 motion. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). In accordance with the prison mailbox rule, Petitioner's Motion was filed on September 27, 2007, so this Court will construe his Motion as a Rule 59 motion.

charged a fee for the money orders satisfied the prejudice prong of his denial of access to the courts claim. In addition, Plaintiff asserts that this Court failed to address his Equal Protection claim that he is the only inmate who was charged for his money orders.

The Fourth Circuit has held that reconsideration is "an extraordinary remedy" that should be only "sparingly" used. Pacific Insurance Company v. American National Fire Insurance Co. 148 F. 3d 396, 403 (4th Cir. 1998). Reconsideration can only be granted on three grounds: (1) to accommodate an intervening change in controlling law; (2) to consider new evidence not previously available; or (3) to correct a clear error of law. See Hutchinson v. Staton, 994 F. 2d 1076 (4th Cir. 1993), Xoom, Inc. v. Imageline, Inc., 93 F. Supp. 2d 688 (E.D. Va. 1999).

With regard to his access to the courts claim, Plaintiff's motion appears to attempt to assert a clear error of law. That is, Plaintiff argues that this Court did not correctly interpret the prejudice component of his denial of access to the courts claim. Plaintiff contends that the mere fact that Defendants allegedly erroneously charged him to access the courts is sufficient to establish prejudice. Plaintiff cites no legal support for his contention that a plaintiff need not demonstrate a prejudicial impact to his ability to access the court system. The law is clear, however, that in order to prevail on a denial of access to the courts claim, a Plaintiff must be able to establish that the defendant's actions hindered the pursuit of a legal claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996)(merely alleging subpar library or subpar legal assistance program is not sufficient to establish prejudice); Strickler v. Waters, 989 F.2d 1375, 1383, n.10 (4th Cir. 1993)(discussing prejudice component of denial of access claim). Consequently, Plaintiff's argument provides no basis for vacating this Court's earlier Order.

Plaintiff correctly asserts that this Court failed to specifically address his Equal Protection

claim. However, Plaintiff's Equal Protection claim fails to state a claim and therefore provides no basis for vacating this Court's September 18, 2007, Order.

Plaintiff does not allege that he is a part of a class and therefore this Court will analyze his claim as a "class of one" equal protection claim. See Village of Willowbrook v. Olech, 528 U.S. 562 (2000)(recognizing "class of one" equal protection claims). To state a "class of one" claim a plaintiff must allege that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Id. at 563.

First, the Court takes judicial notice that the North Carolina Department of Correction's Fiscal Policy[2] specifically stipulates that inmates will be charged any bank fees[3] associated with personal or business transactions made by an inmate. See Section .1007(A)(1)(c), North Carolina Department of Corrections, Policies and Procedures, Inmates' Trust Fund, 1C Fiscal Administration. The Court also notes that pursuant to Department of Correction Policy it appears that check rather than a money order may[4] be used to pay filing fees and that in such a case no bank fee is charged. Id.

Assuming for purposes of this Order that Plaintiff requested a check be issued for his filing fees and that the Defendants erroneously paid the fee by money order and charged Plaintiff for the purchase of two money orders, Plaintiff's allegations still fail to establish a claim. Although Plaintiff

---

[2] The Court has attached a copy of the relevant portion of this policy as an exhibit to this Order.

[3] In his Motion to Reconsider, Plaintiff states that he believes that the banks give the Department of Correction free money orders. Plaintiff again provides no evidence to support this claim which flies in the face of economic reality.

[4] It is unclear whether Plaintiff requested that money orders be used to pay his filing fees or that a check be drawn on his account. In any event, it does not matter.

asserts that the Defendants deliberately violated DOC policy with regard to his request, he fails to provide any evidence or basis whatsoever for this conclusory allegation. Indeed Plaintiff does not even provide a reason, other than that the policy was violated, as to why he believes he was allegedly intentionally singled out for such action. This wholly unsupported or explained allegation is insufficient to establish that his Equal Protection rights were violated. To hold that a mere misapplication of prison policy automatically constitutes deliberate action and rises to the level of a constitutional violation would open the floodgates to federal litigation.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider is **DENIED**.

Signed: January 15, 2008

Graham C. Mullen
United States District Judge